**No. 14-55784**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

STEVEN "LASER" HAAS,

*Appellant*,

– v. –

WILLARD MITT ROMNEY, *et al.*,

*Appellees*.

On Appeal from a Final Judgment of the
United States District Court for the
Central District of California

Hon. Stephen V. Wilson District Judge
District Court Case No. 2:13-cv-07738

**RESPONSE OF APPELLEES WILLARD MITT ROMNEY, MICHAEL GLAZER, AND BAIN CAPITAL TO APPELLANT'S RESPONSE TO THE COURT'S AUGUST 21, 2014 ORDER**

## INTRODUCTION

On August 21, 2014, this Court found the instant appeal to be frivolous and ordered Appellant Steven "Laser" Haas ("Appellant") to show cause why the orders challenged in the appeal should not be summarily affirmed. Because Appellant's response to this order ("Appellant's Response") is untimely and fails to advance any legal argument challenging the actual grounds on which the District

Court dismissed Appellant's complaint with prejudice as to Appellees Willard Romney, Michael Glazer, and Bain Capital (collectively, "Appellees"), the Court should dismiss the appeal or summarily affirm the District Court's judgment.

## PROCEDURAL HISTORY

On October 18, 2013, Appellant filed a complaint against, among many others, Appellees Willard Mitt Romney, Michael Glazer, and Bain Capital in the United States District Court for the Central District of California alleging civil violations under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Appellant subsequently amended his complaint on November 6, 2013. On May 22, 2014, the District Court dismissed with prejudice Appellant's claims against Romney, Glazer, and Bain Capital. The District Court held that Appellant's complaint failed to comply with Fed. R. Civ. P. 8(a), 9(b), and 12(b)(6). Additionally, the District Court held that granting Appellant leave to amend would be futile.

## ARGUMENT

The Court should dismiss the appeal because Appellant failed to comply with the Court's order to show cause (the "Show Cause Order"). The Show Cause Order, entered on August 21, 2014, required Appellant to file proof of payment of the docketing fee "within 21 days after the date of this order." Show Cause Order at 2. Further, the Show Cause Order required Appellant to show cause

"simultaneously" with filing proof of payment why a summary affirmance should not be entered. *Id*. The Show Cause Order further provided that if "[A]ppellant pays the fees but fails to file a response to this order, the Clerk shall dismiss the appeal for failure to prosecute." *Id*. Appellant failed to timely file his response. The Appellant's Response was served on Appellees' counsel on September 13, 2014 (23 days after entry of the Show Cause Order) and was filed with the Court on September 15, 2014 (25 days after entry of the Show Cause Order). Accordingly, Plaintiff's Response is untimely, and the Court should dismiss the appeal for that reason.

In the alternative, the Court should summarily affirm the judgment below because Appellant has failed to demonstrate cause. Appellant's Response consists almost entirely of the same factual allegations made in Appellant's voluminous filings in the District Court. To the extent that Appellant's Response contains legal argument, it fails to address any of the actual grounds pursuant to Fed. R. Civ. P. 8(a), 9(b), and 12(b)(6) on which the District Court relied in dismissing the complaint.

Appellant also argues that he should be afforded leave to further amend his complaint because such leave should be freely granted after dismissal. *See* Appellant's Response at 18. However, leave to amend should be denied when further amendment would be futile. *See, e.g.*, *Sylvia Landfield Trust v. City of Los*

*Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013). The District Court held that granting Appellant leave to amend would be futile for two reasons. First, Appellant's multiple prior, but patently unsuccessful, attempts to submit a comprehensible complaint demonstrated a fundamental inability to allege the elements of a RICO violation in compliance with federal pleading standards. Second, the four-year statute of limitations applicable to civil RICO claims bars Appellant's claims against Appellees. Appellant cites no authority to the contrary and cites no basis whatsoever challenging the District Court's holding that further amendment would be futile in this case. For these reasons, Appellant has failed to show cause why the judgment should not be summarily affirmed.

## **CONCLUSION**

For the reasons set forth above, the Court should dismiss the appeal or, in the alternative, summarily affirm the judgment of the District Court.

September 22, 2014                   Respectfully submitted,

<u>/s/ Rocky C. Tsai</u>

Rocky C. Tsai
  ROPES & GRAY LLP
  Three Embarcadero Center
  San Francisco, CA  94111-4006
  Telephone: (415) 315-6300

*Counsel for Appellees Willard Romney, Michael Glazer, and Bain Capital*